IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

U.S. DISTRICT COURT
FILED AT WHEELING, WV
JUN 2 7 2007
NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

WILLIAM M. STANLEY,

        Petitioner,

v.                                                     Civil Action No. 5:06CV15
                                                       Criminal Action No. 5:04CR38
UNITED STATES OF AMERICA,                              (JUDGE STAMP)

        Respondent.

### REPORT AND RECOMMENDATION
### THAT §2255 MOTION BE DENIED
### AND TWO MOTIONS TO AMEND SHOULD BE GRANTED

## I. INTRODUCTION

On February 7, 2006, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate,

Set Aside or Correct Sentence by a Person in Federal Custody. The Government filed its

response April 26, 2006. Petitioner filed a Motion to Amend or Supplement Motion to Vacate

under 28 U.S.C. § 2255 May 8, 2006. Petitioner filed a Renewal of Motion to Amend or

Supplement Original Motion with an attached memorandum May 26, 2006. Petitioner filed a

second Motion to Amend or Supplement Motion to Vacate under 28 U.S.C. § 2255 May 14,

2007.

## II. FACTS

A.    **Conviction and Sentence**

On January 25, 2005, Petitioner signed a plea agreement by which he agreed to plead

guilty to Count One, making or dealing in explosives without a license, in violation of Title 18,

United States Code, Section 842(a)(1). Additionally, the petitioner waived his right to appeal

and to collaterally attack his sentence.  Specifically, the petitioner's plea agreement contained the

following language regarding his waiver:

> 10.  Mr. Stanley is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction on the grounds set forth in Title 18, United States Code, Section 3742, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The parties have the right to argue in support of the sentence.

On February 3, 2005, the petitioner entered his plea in open court.  Petitioner was 41 years

old, educated through the ninth grade, and later attained a GED.  (Plea transcript p. 4) Petitioner

stated he understood and agreed with all the terms and provisions of the plea agreement. (Id. at

11)  The Court specifically asked if petitioner understood the waiver of appellate and post-

conviction relief rights. (Id. at 12)  The Court asked petitioner's counsel if he believed petitioner

understood the waiver of appellate and post-conviction relief rights. (Id. at 12-13)  The Court

then reviewed all the rights petitioner was giving up by pleading guilty. (Id. at 16-19)  During

the plea hearing, the Government presented the testimony of Special Agent James Sirbaugh, of

the Bureau of Alcohol, Tobacco, Firearms, and Explosives to establish a factual basis for the

plea. (Id. at 20-22)  The petitioner did not contest the factual basis of the plea.

Petitioner stated that he knew if his sentence was greater than expected he could not

withdraw his plea. (Id. at 16)  Government presented the factual basis of the plea, the petitioner

advised the Court that he was guilty of Count One of the indictment. (Id. at 23)  The petitioner

further stated under oath that no one had attempted to force him to plead guilty, and that he was

pleading guilty of his own free will. (Id.)  In addition, he testified that the plea was not the result

of any promises other than those contained in the plea agreement. (Id.) The petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. (Id. at 24) Finally, petitioner said he was in fact guilty of the crime to which he was pleading guilty (Id.)

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty; and that the elements of the crime were established beyond a reasonable doubt. (Id. at 24-25)   The petitioner did not object to the Court's finding.

On April 25, 2005, the petitioner appeared before the Court for sentencing.  After considering several factors, including the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 120 months imprisonment.

**B.      Appeal**

Petitioner filed a notice of appeal May 6, 2005. The judgment of the District Court was affirmed December 9, 2005.

**C.      Federal Habeas Corpus**

Petitioner contends in his motion that his counsel was ineffective for not withdrawing the plea at sentencing when counsel became aware that sentencing could be affected by the acceptance of responsibility.  Petitioner also contends that his counsel was ineffective for failing to advise petitioner that a "dirty" urine test could affect the sentencing.  Petitioner contends that it was plain error of the sentencing court to not inform petitioner that his acceptance of responsibility was at issue. In petitioner's renewal of motion to amend or supplement original motion, petitioner alleges that he did not commit an offense against the "laws of the United

States" because the term "United States" is vague and undefined by Congress. He further argues that the Rule of Lenity requires that the ambiguous statute must be interpreted in favor of the accused and that he should be released.

The Government contends that the petitioner stated under oath during the Rule 11 hearing on February 3, 2005, that he was satisfied with the representation he received. Petitioner was also advised that he would not have the right to withdraw his guilty plea if the court did not follow the recommendations in the plea agreement. The Government further contends that the Rule 11 hearing transcript clearly indicates that the petitioner voluntarily and knowingly entered his guilty plea after being advised that he could be sentenced up to ten years imprisonment. Also, the Government contends that the plea transcript shows that the district court advised petitioner that the maximum sentence he could receive was ten years imprisonment and that petitioner could not withdraw his guilty plea if the sentence is ultimately more severe than he expected. Finally, the Government contends that petitioner failed to demonstrate "that there is a reasonable possibility that, but for counsel's errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 688, 694 (1984).

**D.      Recommendation**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend a pleading once as a matter of course at any time before a responsive pleading is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. Accordingly, the petitioner's motions to Amend should be granted. However, based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from

the docket because petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction.

## III. ANALYSIS

"[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." Blackledge v. Allison, 431 U.S. 63, 71 (1977). However, the advantages of plea bargains "can be secure . . . only if dispositions by guilty plea are accorded a great measure of finality." (Id.) "To this end, the Government often secures waivers of appellate rights from criminal defendants as part of their plea agreement." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

In United States v. Attar, 38 F.3d 727 (4th Cir. 1994), the Fourth Circuit found that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." Attar at 731. The Fourth Circuit then found that whether a waiver is knowing and intelligent "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." (Id.) After upholding the general validity of a waiver-of-appeal-rights provision, the Fourth Circuit noted that even with a waiver-of-appeals-rights provision, a defendant may obtain appellate review of certain limited grounds. (Id. at 732.) For example, the Court noted that a defendant "could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." (Id.) Nor did the Court believe that a defendant "can fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel." (Id.)

5

Subsequently, in <u>United States v. Lemaster</u>, <u>supra</u>, the Fourth Circuit saw no reason to distinguish between waivers of direct appeal rights and waivers of collateral attack rights. <u>Lemaster</u>, 403 F.3d at 220. Therefore, like waiver-of-appeal-rights provision, the Court found that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. <u>Id.</u> And, although, the Court expressly declined to address whether the same exceptions apply since Lemaster failed to make such an argument, the court stressed that it "saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." (<u>Id.</u> at n. 2.)

Based on these cases, it appears that ineffective assistance of counsel claims are barred by a valid waiver, to the extent that the facts giving rise to the claims occurred prior to the defendant entering his guilty plea. Only claims arising after the entry of the guilty plea may fall outside the scope of the waiver. <u>Lemaster</u>, 403 F.3d at 732 (it cannot be fairly said that a defendant "waived his right to appeal his sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel, for a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations").

Therefore, when reviewing an ineffective assistance of counsel claim in a case where there is a waiver of collateral-attack rights in a plea agreement, we must first determine whether there is valid waiver. In doing so,

> The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal. Although this determination is often made based on adequacy of the plea colloquy -- specifically, whether the district court questioned the defendant about the appeal waiver – the issue ultimately is evaluated by reference to the totality of the

> circumstances. Thus, the determination must depend, in each case,
> upon the particular facts and circumstances surrounding that case,
> including the background, experience, and conduct of the accused.

United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (internal citations and quotations

omitted).

In other words, the Court must examine the actual waiver provision, the plea agreement as a

whole, the plea colloquy, and the defendant's ability to understand the proceedings. (Id.) If the

Court finds that the waiver is valid, any IAC claims arising prior to the plea agreement are barred

by the waiver.

     As to any IAC claims made regarding an attorney's action, or lack thereof, after the plea

agreement, the Fourth Circuit has stated, "[w]e do not think the general waiver of the right to

challenge" a sentence on the ground that "the proceedings following entry of the guilty plea –

including both the sentencing hearing itself and the presentation of the motion to withdraw their

pleas – were conducted in violation of their Sixth Amendment right to counsel." Lemaster, 403

F.3d at 732-33. Therefore, upon first blush it appears that IAC claims arising after the guilty plea

and/or during sentencing, are not barred by a general waiver-of appeal rights.

     However, several courts have distinguished IAC claims raised in a § 2255 case, from

those raised on direct appeal. In Braxton v. United States, 358 F.Supp.2d 497 (W.D Va. 2005),

the Western District of Virginia noted that although the Fourth Circuit has yet to define the scope

of waiver of collateral rights, several courts have held that § 2255 waivers should be subject to

the same conditions and exceptions applicable to waivers of the right to file a direct appeal.

Braxton at 502 (citing United States v. Cannady, 283 F.3d 641,645 n. 3 (4th Cir. 2000)

(collecting cases); Butler v. United States, 173 F.Supp.2d 489, 493 (E.D. Va. 2001)).

Nonetheless, the Western District of Virginia, distinguished the types of IAC claims available on direct appeal from those available in a § 2255 motion. Specifically, the Court noted:

> Appellate courts rarely hear ineffective assistance of counsel claims on direct review. Indeed, '[i]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.' United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Therefore, the waiver exception recognized in Attar applies only to a very narrow category of cases. In contrast, a rule that defendants are unable to waive their right to bring an ineffective assistance claim in a § 2255 would create a large exception to the scope of § 2255 waivers. In fact, such an exception would render all such waivers virtually meaningless because most habeas challenges can be pressed into the mold of a Sixth Amendment claim on collateral review. The Fifth Circuit has recognized this dynamic by noting that '[i]f all ineffective assistance of counsel claims were immune from waiver, any complaint about process could be brought in a collateral attack by merely challenging the attorney's failure to achieve the desired result. A knowing and intelligent waiver should not be so easily evaded.' United States v. White, 307 F.3d 336, 344 (5th Cir. 2002).

Braxton at 503.

The Western District of Virginia further noted that the Tenth Circuit has also distinguished collateral-attack waivers from the situation in Attar and that the Fourth Circuit's holding in United States v. Broughton-Jones, 71 F.3d 1143,1147 (4th Cir. 1995), also supports such a distinction. Braxton at 503, n. 2. Finally, the Braxton Court found it persuasive that the majority of circuits to have confronted this question "have held that collateral attacks claiming ineffective assistance of counsel that do not call into question the validity of the plea or the § 2255 waiver itself, or do not relate directly to the plea agreement or the waiver, are waivable." Id. at 503. (collecting cases).

## IV. <u>Recommendation</u>

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend a pleading once as a matter of course at any time before a responsive pleading is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. Accordingly, the petitioner's motions to Amend should be granted. However, based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985): <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: June 26, 2007

                                       <u>/s/ James E. Seibert</u>
                                       JAMES E. SEIBERT
                                       UNITED STATES MAGISTRATE JUDGE