```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

WILLIAM M. STANLEY,

      Petitioner,

v.                                  Civil Action No. 5:06CV15
                                     (Criminal Action No. 5:04CR38)

UNITED STATES OF AMERICA,                           (STAMP)

      Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

The pro se[1] petitioner, William M. Stanley, filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence by a person in federal custody. The government filed a response to the petition. Thereafter, the petitioner filed several documents, including a "Motion to Amend or Supplement Original Motion," a "Renewal of Motion to Amend or Supplement Original Motion," a "Motion for Determination of Motion to Amend and For a Report and Recommendation," and a "Motion for Leave to Amend and Supplement Pursuant to Rule 15(A), (C) of F.R.C.P."

The matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15. Magistrate Judge Seibert issued a report and recommendation

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

recommending that the petitioner's motions to amend be granted, but that the petitioner's § 2255 application be denied because in his plea agreement, the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction. The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within ten days after being served with copies of the report. The petitioner subsequently filed an "Amended Supplemental § 2255 Motion," which this Court construes as objections to the magistrate judge's report and recommendation.

## II. Facts

On February 3, 2005, the petitioner pled guilty in the United States District Court for the Northern District of West Virginia to making or dealing in explosives without a license, in violation of 18 U.S.C. § 842(a)(1). On April 25, 2005, the petitioner was sentenced to 120 months of imprisonment.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those

portions of the report and recommendation to which objections were made.

## IV. Discussion

The petitioner claims that he is entitled to relief under § 2255 for several reasons. Specifically, the petitioner argues that his counsel was ineffective both because he did not withdraw the petitioner's plea at sentencing when he learned that sentencing could be affected by acceptance of responsibility and because he did not advise the petitioner that "dirty" urine tests could affect the sentencing. Furthermore, the petitioner contends that the sentencing court committed plain error by not informing the petitioner that his acceptance of responsibility was at issue. Also, the petitioner argues that he did not commit an offense against the "laws of the United States" because the term "United States" is vague and undefined by Congress, and pursuant to the rule of lenity applied to the interpretation of criminal statutes, this ambiguous statute must be interpreted in favor of the accused, requiring his release.

As an initial matter, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the petitioner's motions to amend are granted. However, as discussed below, this Court must affirm the report and recommendation of the magistrate judge recommending dismissal of the petitioner's § 2255 motion.

Based on a review of the record and the applicable law, Magistrate Judge Seibert recommended that the petitioner's § 2255

application be denied because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction. In his objections to the report and recommendation, the petitioner reiterates his ineffective assistance of counsel claim, contending that this Court should "restore the acceptance of responsibility points under U.S.S.G. § 3E1.1 or void the plea agreement," because neither the court nor counsel advised the petitioner that his voluntary use of cocaine would affect his acceptance of responsibility.

Because the petitioner has objected to the magistrate judge's report and recommendation concerning the petitioner's ineffective assistance of counsel claims, this Court will conduct a de novo review of that portion of the report and recommendation. In this case, the petitioner pled guilty to Count One of an indictment charging him with making or dealing in explosives without a license. Specifically, the petitioner signed a plea agreement on January 25, 2005, which stated that he "waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255."[2] This Court finds that the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack his conviction,

---

[2] The plea agreement was filed by this Court on February 3, 2005.

and that the petitioner's ineffective assistance of counsel claims are barred by this valid waiver.

Moreover, because the petitioner has not objected to the remainder of the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the petitioner's remaining claims in his habeas corpus petition pursuant to § 2255 must be denied. In entering into the plea agreement, the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack his sentence.

## V. Conclusion

This Court finds that the report and recommendation of the magistrate judge should be, and is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the petitioner's motions to amend are GRANTED, and the petitioner's § 2255 petition is DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). Upon reviewing the notice of appeal, this Court will either issue a certificate of

appealability or state why a certificate should not be issued in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

    IT IS SO ORDERED.

    The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

    DATED:    March 2, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE